# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LINDSAY THOMPKINS, SR. as Administrator of the ESTATE OF THE ESTATE OF LINDSAY THOMPKINS, JR., PLAINTIFF, | : : : : : | |
| V. | : : | CIVIL TRIAL - LAW |
| TAIGA BUILDING PRODUCTS, LTD 800-4710 KINGSWAY BURNABY, BC V5H4M2 | : : : : | JURY TRIAL DEMANDED |
| and | : : | |
| NET FREIGHT SYSTEMS, INC., c/o All American Agents of Process, 150 Green Commons Drive, Pittsburgh, PA 15243 | : : : : | NO.: 2:23-cv-333 |
| DEFENDANTS. | : : | |

## COMPLAINT

AND NOW COMES the Plaintiff, Lindsay Thompkins, Sr., individually, and as the Administrator of the Estate of Lindsay Thompkins, Jr., by and through his legal counsel, Fellerman & Ciarimboli Law, P.C., to hereby bring this action against the Defendants, and in support thereof avers as follows:

## OVERVIEW

Defendant TAIGA Building Products, LTD ("TAIGA") arranged for the transportation of a load of freight on November 2, 2021. To transport the freight, TAIGA negligently brokered or sub-contracted the transportation of the freight to Defendant Net Freight Systems, Inc. ("Net Freight"). On November 2, 2021, while transporting the freight for TAIGA and Net Freight, truck driver Karandeep Singh was operating a Freightliner Tractor Trailer in the right-hand lane

on Interstate 79 in Butler County, Pennsylvania.  Mr. Singh was traveling dangerously below the minimum speed limit, at only 18.5 miles per hour, slow enough to impede the normal flow of traffic.

At this same time, the Decedent, Lindsay Thompkins, Jr. ("Decedent"), was also traveling North on Interstate 79 in the right-hand lane.  Suddenly and without warning, Decedent came upon the slow-moving Tractor Trailor driven by Mr. Singh, which created a sudden emergency in the roadway.  Despite exercising all due care, Decedent was unable to avoid colliding with the Tractor Trailer.  The violent crash caused the death of Lindsay Thompkins, Jr., which forms the basis of this Wrongful Death action.

As a result of his grossly negligent and reckless driving on the date of the crash, Mr. Singh was subsequently charged with Homicide by Vehicle in violation of 75 Pa.C.S. Section 3732 of the Pennsylvania Vehicle Code; Aggravated Assault by Vehicle in violation of 75 Pa.C.S. Section 3732.1 of the Pennsylvania Vehicle Code; Reckless Driving in violation of 75 Pa.C.S. Section 3736 of the Pennsylvania Vehicle Code; 5 Counts of Operating a Tractor Trailer with Unsafe Equipment in violation of 75 Pa.C.S. Section 4107 of the Pennsylvania Vehicle Code; and Driving Too Slow for Conditions in violation of 75 Pa.C.S. Section 3364.  (True and Correct copies of the Police Report and Criminal Complaint are attached hereto as Exhibits "A" and "B" respectively).

## PARTIES

1.      Plaintiff, Lindsay Thompkins, Sr. ("Mr. Thompkins"), is a competent adult individual who resides at 717 5th Avenue, Coraopolis, PA 15108.

2.      Lindsay Thompkins, Sr. is the natural parent of Lindsay Thompkins, Jr., deceased, and has been duly appointed as the Administrator of the Estate of Lindsay Thompkins,

Jr.  Copies of the Short Certificates and Letters of Administration for the Estate of Lindsay

Thompkins, Jr., are attached hereto as Exhibits "C" and "D" respectively.

3.      Notice of this action, as required by Pa.R.C.P. 2205, was given to the statutory

wrongful death beneficiaries at the commencement of this action.

4.      Defendant TAIGA Building Products, LTD, is a Canadian company with a

principal place of business located at 800-4710 Kingsway Burnaby, BC V5H4M2.

5.      Defendant TAIGA also does business across the United States.

6.      Defendant TAIGA's U.S. D.O.T. Number is listed as 2705046

7.      Defendant Net Freight Systems, Inc., is a foreign corporation with a physical

address of 7650 Bath Road, Mississauga, ON, L4T1L2 and with a registered agent of process at

All American Agents of Process, 150 Green Commons Drive, Pittsburgh, PA 15243.

8.      Defendant Net Freight's U.S. D.O.T. Number is listed as 1302947.

9.      Defendant Net Freight's MC Number is listed as MC-505510.

10.      When referenced collectively, TAIGA and Net Freight will be referred to as

"Defendants" through this Complaint.

11.      At all times relevant hereto, Defendants were or should have been authorized

interstate motor carriers authorized to transport goods in interstate commerce and in the

Commonwealth of Pennsylvania pursuant to one or more permits issued by the Interstate

Commerce Commission and/or by the United States Department of Transportation ("USDOT").

12.      Accordingly, Defendants were subject to all state and federal laws, statutes,

regulations, and industry standards governing the hiring of safe and qualified commercial

drivers, the safe maintenance and operation of commercial motor vehicles, and the safe

brokering of goods in interstate commerce, including without limitation, Pennsylvania Statutes

governing motor vehicles and the Federal Motor Carrier Safety Regulations ("FMCSR") set forth in subchapters A and B of Chapter III of the Code of Federal Regulations, Title 49 – Transportation.

13.     Each Defendant, in order to obtain a DOT number had to submit an OP-1 form containing a "Safety Certification", certifying to the Federal Motor Carrier Safety Administration ("FMCSA") that they have access to and are familiar with all applicable USDOT regulations relating to the safe operation of commercial motor vehicles and that Defendants will comply with the FMCSRs at all times while operating a commercial motor vehicle in the United States.

14.     More specifically, each Form OP-1 submitted contained a "Safety Certification", certifying to the Federal Motor Carrier Safety Administration that, at a minimum, Defendants:

    a.    had and will have in place a system and an individual responsible for ensuring overall compliance with the FMCSRs;

    b.    can produce a copy of the FMCSRs;

    c.    had and will have in place a driver safety training/orientation program;

    d.    had and will have prepared and maintain an accident register;

    e.    is familiar with D.O.T. regulations governing driver qualifications and had and will have in place a system for overseeing driver qualifications requirements;

    f.    had and will have in place policies and procedures consistent with D.O.T. regulations governing driving and operational safety of motor vehicles, including drivers' hours of service and vehicle inspection, repair and maintenance;

    g.    is familiar with, and had and will have a system for complying with all USDOT regulations governing alcohol and controlled substances testing requirements; and

    h.    must comply with all pertinent Federal, State, local and tribunal statutory and regulatory requirements when operating within the United States.

15.     In order to obtain a DOT number, the Defendants and/or their authorized representatives swore under the penalty of perjury to comply with the above "Safety Certifications."

16.     Karandeep Singh, ("Mr. Singh") is a competent adult individual who resides at 47 Taralea Garden NE, Calgary, AB, T3J4W4.

17.     At all times relevant hereto, Mr. Singh was a class A licensed commercial motor vehicle operator driving a 2007 Freightliner Tractor Trailer with VIN number 1FUJBBCK57LY26917 ("Tractor Trailor") owned, leased, assigned, and/or operated by Defendants.

18.     Accordingly, Mr. Singh was subject to all state and federal laws, statutes, regulations, and industry standards governing the safe maintenance and operation of commercial motor vehicles and trailers including, without limitation, Pennsylvania Statutes governing motor vehicles and the Federal Motor Carrier Safety Regulations set forth in subchapters A and B of Chapter III of the Code of Federal Regulations, Title 49 – Transportation.

19.     At all times relevant hereto, the Tractor Trailor was owned, leased, assigned, and/or operated by Defendants and was being operated and/or controlled by Mr. Singh with the consent of the Defendants and for the financial benefit of Defendants.

20.     At all times relevant hereto, Mr. Singh was employed and/or contracted to perform services for and was operating the Tractor Trailor for Defendants under the Defendants' USDOT operating authority and was subject to their supervision, control or right to control, such that Defendants should be considered his actual and statutory employer and, therefore, vicariously liable for Mr. Singh negligence and recklessness.

21.     At all relevant times hereto, Mr. Singh was the agent, servant, workman, and/or employee of Defendants and was acting in the course and scope of his employment, under the direction, control, and authority of Defendants.

22.     At all relevant times hereto, Defendants acted as a single entity and operated and conducted business as a single entity for transporting goods in interstate commerce.

23.     At all relevant times hereto, Defendants were engaged in the joint undertaking of a particular transaction for mutual profit, mutual control, mutual contribution and this joint undertaking was memorialized in a contract.

24.     At all relevant times hereto, Defendants acted as a joint venture for transporting goods in interstate commerce.

25.     At all relevant times hereto, TAIGA contracted with Defendant Net Freight to move the load being transported by Mr. Singh.

26.     Accordingly, Defendants are liable, jointly and severally, in partnership, joint venture, or sole proprietorship for the Tractor Trailer crash that caused Plaintiff's Decedent to suffer catastrophic and fatal injuries.

27.     Defendants acted in a manner that either alone or combined, directly and proximately caused the crash and the resulting injuries and death suffered by Plaintiff's Decedent.

28.     At all relevant times, the Defendants were liable for the actions and/or inactions of Mr. Singh as though the actions and/or inactions were performed by the entities themselves.

29.     At all relevant times, the Federal Motor Carrier Safety Regulations apply hereto, pursuant to 67 Pa. Code §231, et seq.

30.     At all relevant times, Plaintiff's Decedent acted with due care and in no way caused or contributed to the crash that forms the basis of this lawsuit.

31.     Plaintiff seeks damages for all harms and losses permissible under Pennsylvania law, including, but not limited to, funeral and burial expenses, costs of estate administration, profound psychological and emotional loss, conscious pain and suffering, and such other injuries, damages, and losses as described more fully and compensable at law under the Wrongful Death Act and Survival Act, and the decisional law of this Commonwealth interpreting those Acts, caused by the negligence and recklessness of the Defendants.

## JURISDICTION AND VENUE

32.     This Honorable Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 because (a) there is complete diversity of citizenship between Plaintiff and Defendants; and (b) the matter in controversy exceeds the jurisdictional limit.

33.     Venue is appropriate under 28 U.S.C. §1391(b)(2).

## OPERATIVE FACTS COMMON TO ALL COUNTS

34.     The preceding paragraphs are incorporated herein as though fully set forth below.

35.     On November 2, 2021, Defendants arranged for Mr. Singh, in the course and scope of his employment, to operate a 2007 Freightliner Tractor Trailor which was owned, leased and/or assigned to Defendants TAIGA and Net Freight.

36.     On the afternoon of November 2, 2021, Mr. Singh was traveling North on Interstate 79 in the right-hand lane of traffic.

37.     The 2007 Freightliner Tractor Trailor operated by Mr. Singh, in the course and scope of his employment, and owned, leased and/or assigned to Defendants TAIGA and Net

Freight, contained several violations which would have and should have resulted in an out of

service order, including, but not limited to the following:

a.  Operating a 2007 Freightliner with brake hose or tubing chafing/reinforcement ply visible, and ply is frayed on emergency hose in violation of Section 4107(b)(2) of the PA Vehicle Code, 67 Pa. Code 229.16, Ref. 49.CFR 393.45 (b)(2).

b.  Operating a 2007 Freightliner with a Clamp or Roto type brake out of adjustment axle 1 right side measuring 2 ¾, axle 3 left side clamp brake inoperable in violation of Section 4107(b)(2) of the PA Vehicle Code, 67 Pa. Code 229.14, Ref. 49.CFR;

c.  Operating a 2007 Freightliner with brakes out of service:  The number of defective brakes is equal to or greater than 20 percent of the service brakes on the vehicle in violation of Section 4107(b)(2) of the PA Vehicle Code, 67 Pa. Code 229.16, Ref. 49.CFR 396.3 A1 BOS;

d.  Operating a 2007 Freightliner with audible air leak in relay valve on the left front side of frame area near steer axle in violation of Section 4107(b)(2) of the PA Vehicle Code, 67 Pa. Code 229.14, Ref. 49.CFR 396.3 A1; and

e.  Operating a 2007 Freightliner with cab seats not securely mounted and four-legged table chair sitting where passenger seat would have been installed in violation of Section 4107(b)(2) of the PA Vehicle Code, 75 Pa. Code 37732.1 A.

38.     Mr. Singh further operated the 2007 Freightliner, in combination with the above

violations, at a speed so dangerously slow as to impede the normal flow of traffic in violation of

Section 3364 of the PA Vehicle Code.

39.     Mr. Singh was traveling at 18.5 miles per hour, well below the minimum speed

regulations and at a speed so slow as to impede the normal flow of traffic.

40.     There are numerous road signs posted along said stretch of Interstate 79 indicating

the speed of travel.

41.     Despite the instruction signs, Mr. Singh continued driving North on Interstate 79

at a speed of 18.5 miles per hour, well below the minimum speed regulations and at a speed so

dangerously slow as to impede the normal flow of traffic.

42.     The Decedent, Lindsay Thompkins, Jr., was safely operating a R.J. Rhodes school bus in the scope and course of his employment and was also traveling North on Interstate 79 in the right-hand lane.

43.     Suddenly and without warning, Decedent came upon the slow-moving Tractor Trailor driven by Mr. Singh which created a sudden emergency in the roadway and did not allow for Decedent to anticipate the Tractor Trailor in time to avoid a collision.

44.     Decedent could not or would not have reasonably foreseen that the Tractor Trailor was traveling at such a dangerously reduced speed.

45.     Consequently, the front of the school bus struck the rear of the trailer of the truck tractor while in the right northbound lane of Interstate 79.

46.     The front of the school bus under rode the rear of the trailer and the vehicles traveled approximately 193 feet from the initial impact to final rest.

47.     The collision caused the death of Lindsay Thompkins, Jr. and another minor passenger.

48.     At all relevant times hereto, Mr. Singh exhibited a conscious disregard for the health and safety of the motoring public by operating an unsafe Freightliner Tractor Trailer with numerous violations such that they would have and should have resulted in an out of service order.

49.     In combination with the aforesaid numerous violations, Mr. Singh operated the Tractor Trailor at dangerously slow speeds for the conditions.

50.     At all relevant times hereto, Mr. Singh operated the Freightliner Tractor Trailer in such a reckless, careless, and negligent manner, that he did impede the safe flow of traffic in the moments leading up to the crash.

51.     As a result of the crash, as well as the negligence, carelessness, and recklessness of Defendants, the Estate of Lindsay Thompkins, Jr., Plaintiff Lindsay Thompkins, Sr. and the Decedent's family, have suffered and will continue to suffer substantial economic and non-economic injuries, damages and losses including, but not limited to:

a.     Funeral and burial expenses;

b.     Costs of Estate administration;

c.     Profound psychological and emotional loss;

d.     Conscious pain and suffering;

e.     Loss of the comfort, care, and society of Lindsay Thompkins, Jr.; and

f.     Such other injuries, damages and losses described more fully herein and compensable at law under the Wrongful Death Act and the Survival Act, and the decisional law of this Commonwealth interpreting those Acts.

52.     At all relevant times hereto, Plaintiff's decedent acted in a safe, prudent, and reasonable manner and in no way contributed to the injuries or damages outlined herein.

53.     Upon information and belief, at the time of the crash, Mr. Singh was in violation of the FMCSR hours of service limits and consciously chose to operate the Freightliner in a fatigued condition.

54.     Moreover, Defendants participated in, knew, or should have known that Mr. Singh was operating over hours, driving while fatigued, and otherwise operating the Freightliner in an unsafe, dangerous, and reckless condition in violation of the FMCSR and Pennsylvania law.

55.     At all relevant times, upon information and belief, Mr. Singh's fatigued condition impaired his judgment, perception, and reaction to such an extent that he drove the Tractor

Trailor with numerous violations when upon proper inspection it would have and should have

resulted in an out of service order causing Mr. Singh to operate the Tractor Trailer at a

dangerously slow speed so as to dangerously impede the flow of traffic.

56.    At all relevant times, upon information and belief, Mr. Singh drove in a distracted

manner such that he failed to maintain a safe speed of travel so as not to impede the flow of

traffic and to such an extent that he created a sudden emergency in the roadway and did not

allow for decedent to anticipate the Tractor Trailor in time to avoid a collision.

57.    At all relevant times, Mr. Singh was operating the 2007 Freightliner Tractor

Trailor with several equipment violations and in an unsafe manner, including, but not limited to:

   a.    Operating a 2007 Freightliner with brake hose or tubing chafing/reinforcement
         ply visible, and ply is frayed on emergency hose in violation of Section
         4107(b)(2) of the PA Vehicle Code, 67 Pa. Code 229.16, Ref. 49.CFR 393.45 (b)(
         2).

   b.    Operating a 2007 Freightliner with a Clamp or Roto type brake out of adjustment
         axle 1 right side measuring 2 ¾, axle 3 left side clamp brake inoperable in
         violation of Section 4107(b)(2) of the PA Vehicle Code, 67 Pa. Code 229.14, Ref.
         49.CFR;

   c.    Operating a 2007 Freightliner with brakes out of service:  The number of
         defective brakes is equal to or greater than 20 percent of the service brakes on the
         vehicle in violation of Section 4107(b)(2) of the PA Vehicle Code, 67 Pa. Code
         229.16, Ref. 49.CFR 396.3 A1 BOS;

   d.    Operating a 2007 Freightliner with audible air leak in relay valve on the left front
         side of frame area near steer axle in violation of Section 4107(b)(2) of the PA
         Vehicle Code, 67 Pa. Code 229.14, Ref. 49.CFR 396.3 A1; and

   e.    Operating a 2007 Freightliner with cab seats not securely mounted and four-
         legged table chair sitting where passenger seat would have been installed in
         violation of Section 4107(b)(2) of the PA Vehicle Code, 75 Pa. Code 37732.1 A.

58.    As a result of the above, on January 4, 2023, Mr. Singh was charged with

Homicide by Vehicle in violation of 75 Pa.C.S. Section 3732 of the Pennsylvania Vehicle Code;

Aggravated Assault by Vehicle in violation of 75 Pa.C.S. Section 3732.1 of the Pennsylvania

Vehicle Code; Reckless Driving in violation of 75 Pa.C.S. Section 3736 of the Pennsylvania Vehicle Code; 5 Counts of Operating a Tractor Trailer with Unsafe Equipment in violation of 75 Pa.C.S. Section 4107 of the Pennsylvania Vehicle Code; and Driving Too Slow for Conditions in violation of 75 Pa.C.S. Section 3364.

59.     At all relevant times, Defendants participated in, knew, or should have known that Mr. Singh was operating the 2007 Freightliner Tractor Trailer with unsafe equipment and over hours, driving while fatigued, and otherwise operating the Freightliner with several equipment violations and in an unsafe manner in violation of the FMCSR and Pennsylvania law.

60.     At all relevant times, Defendants knew the 2007 Freightliner Tractor Trailor had several equipment violations, was unsafe, and would have and should have resulted in an out of service order in violation of the FMCSR and Pennsylvania law.

61.     At all relevant times, Defendants exercised complete control over the dispatching of the Freightliner driven by Mr. Singh at the time of the crash.

62.     At all relevant times, Defendants exercised complete control over the routing of the Freightliner driven by Mr. Singh at the time of the crash.

63.     At all relevant times, Mr. Singh was operating the 2007 Freightliner Tractor Trailer with unsafe equipment violations, over hours, driving while fatigued, and otherwise operating the Freightliner in an unsafe manner and so slow as to impede the flow of traffic in violation of the FMCSR and Pennsylvania law.

64.     At all relevant times, Mr. Singh failed to travel a safe speed but rather traveled dangerously slow so as to impede the flow of traffic in violation of the FMCSR and Pennsylvania law.

65.    At all relevant times, Mr. Singh failed to adjust his speed to match the conditions on the roadway ahead in violation of the Uniform Commercial Motor Vehicle Manual 2.6.5 – Speed and Traffic Flow.

66.    At all relevant times, Defendants and Mr. Singh failed to properly inspect the 2007 Freightliner Tractor Trailer which would have revealed several equipment violations, and which would have and should have resulted in an out of service order in violation of the Uniform Commercial Motor Vehicle Manual 2.1 – Vehicle Inspection.

67.    At all relevant times, Defendants had the contractual right to and/or exercised control over the transportation of the load in question to such a degree that Mr. Singh should be considered an agent of Defendants.

**COUNT I**
**WRONGFUL DEATH**
**42 Pa.C.S.A. § 8301**
**LINDSAY THOMPKINS, SR., AS ADMINISTRATOR OF THE ESTATE OF**
**LINDSAY THOMPKINS, JR. V.  TAIGA BUILDING PRODUCTS, LTD**

68.    The preceding paragraphs are incorporated herein by reference as though fully set forth.

69.    Under the Pennsylvania Wrongful Death Act, 42 Pa. C.S.A. §8301, Lindsay Thompkins, Jr., deceased, left surviving his sole heirs-at-law, his Father, and two minor children, who reside at the following addresses:

a.    Lindsay Thompkins, Sr. (Father), residing at 717 5th Avenue, Coraopolis, Pennsylvania, 15108;

b.    London Jeffries (minor son), residing at 1723 Garden Drive, Verona, Pennsylvania 15147;

c.    Lindsay Parks (minor son), residing at 172 Pulaski Way, New Brighton, Pennsylvania 15066.

70.     As a result of the negligent acts and omissions of Defendants, as described more fully herein, Plaintiff's Decedent, Lindsay Thompkins, Sr., suffered catastrophic, permanent, and fatal injuries and death resulting in the entitlement to damages by the aforementioned beneficiaries under the Wrongful Death Act.

71.     Plaintiff, Lindsay Thompkins, Sr., Administrator of the Estate of Lindsay Thompkins, Jr., deceased, hereby claims the full measure of damages recoverable under any by virtue of the Pennsylvania Wrongful Death Act, 42 Pa.C.S.A. § 8301, and the decisional law interpreting the Act.

72.     Plaintiff, Lindsay Thompkins, Sr., Administrator of the Estate of Lindsay Thompkins, Jr., deceased, claims damages for the pecuniary loss suffered by reason of the death of Lindsay Thompkins, Jr., including but not limited to, damages for all medical expenses, funeral and burial expenses, and the costs of estate administration necessitated by the reason of the injuries which caused the deaths of Lindsay Thompkins, Jr.

73.     Plaintiff, Lindsay Thompkins, Sr., Administrator of the Estate of Lindsay Thompkins, Jr., deceased, claims damages for the loss of maintenance, support, comfort, care, society, and/or other losses as specifically recognized under the Wrongful Death Act and its Pennsylvania case law progeny, including *Rettger v. UPMC Shadyside*, 991 A.2d 915, 933 (Pa. Super. 2010), including profound psychological and emotional loss, which he would have received from the decedents had their death not occurred.

WHEREFORE, Plaintiff, Lindsay Thompkins, Sr., Administrator of the Estate of Lindsay Thompkins, Jr., deceased, seeks all damages, including punitive damages, allowed under the laws of the Commonwealth of Pennsylvania, in an amount in excess of the prevailing arbitration limits, exclusive of prejudgment interest, post-judgement interest and costs.

## COUNT II
## SURVIVAL ACTION
## 42 Pa.C.S.A. § 8302
## LINDSAY THOMPKINS, SR., AS ADMINISTRATOR OF THE ESTATE OF
## LINDSAY THOMPKINS, JR. V.  TAIGA BUILDING PRODUCTS, LTD

74.     The preceding paragraphs are incorporated herein by reference as though fully set forth.

75.     Plaintiff, Lindsay Thompkins, Sr., Administrator of the Estate of Lindsay Thompkins, Jr., deceased, brings this action on behalf of the Estate of Lindsay Thompkins, Jr., under and by virtue of the Survival Act, 42 Pa. C.S.A. § 8302 and the applicable Rules of Civil Procedure and decisional law interpreting this Act.

76.     As a result of the negligent acts and omissions of Defendants, as described more fully herein, Plaintiff's Decedent, Lindsay Thompkins, Jr., suffered catastrophic, permanent, and fatal injuries and death resulting in the entitlement to damages by the Estates of Lindsay Thompkins, Jr. under the Survival Act.

77.     Plaintiff, Lindsay Thompkins, Sr., Administrator of the Estate of Lindsay Thompkins, Jr., deceased, claims the full measure of damages recoverable under and by virtue of the Survival Act and the decisional law interpreting the Act.

78.     On behalf of the Estate of Lindsay Thompkins, Jr., Plaintiff claims damages for all economic losses to the Estate as specifically recognized under the Survival Act and its Pennsylvania case law progeny, including the decedents' total estimated future earning capacity, less personal maintenance costs.

79.     On behalf of the decedent's estate, Plaintiff claims damages for the Decedent's physical discomfort, pain and suffering, loss of enjoyment of life and life's pleasures, and all

other damages and losses recoverable specifically under the Survival Act and its Pennsylvania case law progeny interpreting the Act.

WHEREFORE, Plaintiff, Lindsay Thompkins, Sr., Administrator of the Estate of Lindsay Thompkins, Jr., deceased, seeks all damages allowed under the laws of the Commonwealth of Pennsylvania, including punitive damages, in an amount in excess of the prevailing arbitration limits, exclusive of prejudgment interest, post-judgement interest and costs.

### COUNT III
### WRONGFUL DEATH
### 42 Pa.C.S.A. § 8301
### LINDSAY THOMPKINS, SR., AS ADMINISTRATOR OF THE ESTATE OF
### LINDSAY THOMPKINS, JR. V. NET FRIEGHT SYSTEMS, INC.

80.    The preceding paragraphs are incorporated herein by reference as though fully set forth.

81.    Under the Pennsylvania Wrongful Death Act, 42 Pa. C.S.A. §8301, Lindsay Thompkins, Jr., deceased, left surviving his sole heirs -at-law, his Father, and two minor children, who reside at the following addresses:

    a.    Lindsay Thompkins, Sr. (Father), residing at 717 5th Avenue, Coraopolis, Pennsylvania, 15108;

    b.    London Jeffries (son), residing at 1723 Garden Drive, Verona, Pennsylvania 15147;

    c.    Lindsay Parks (son), residing at 172 Pulaski Way, New Brighton, Pennsylvania 15066.

82.    As a result of the negligent acts and omissions of Defendants, as described more fully herein, Plaintiff's Decedent, Lindsay Thompkins, Sr., suffered catastrophic, permanent, and fatal injuries and death resulting in the entitlement to damages by the aforementioned beneficiaries under the Wrongful Death Act.

83.    Plaintiff, Lindsay Thompkins, Sr., Administrator of the Estate of Lindsay Thompkins, Jr., deceased, hereby claims the full measure of damages recoverable under any by virtue of the Pennsylvania Wrongful Death Act, 42 Pa.C.S.A. § 8301, and the decisional law interpreting the Act.

84.    Plaintiff, Lindsay Thompkins, Sr., Administrator of the Estate of Lindsay Thompkins, Jr., deceased, claims damages for the pecuniary loss suffered by reason of the death of Lindsay Thompkins, Jr., including but not limited to, damages for all medical expenses, funeral and burial expenses, and the costs of estate administration necessitated by the reason of the injuries which caused the deaths of Lindsay Thompkins, Jr.

85.    Plaintiff, Lindsay Thompkins, Sr., Administrator of the Estate of Lindsay Thompkins, Jr., deceased, claims damages for the loss of maintenance, support, comfort, care, society, and/or other losses as specifically recognized under the Wrongful Death Act and its Pennsylvania case law progeny, including *Rettger v. UPMC Shadyside*, 991 A.2d 915, 933 (Pa. Super. 2010), including profound psychological and emotional loss, which he would have received from the decedents had their death not occurred.

WHEREFORE, Plaintiff, Lindsay Thompkins, Sr., Administrator of the Estate of Lindsay Thompkins, Jr., deceased, seeks all damages allowed under the laws of the Commonwealth of Pennsylvania, including punitive damages, in an amount in excess of the prevailing arbitration limits, exclusive of prejudgment interest, post-judgement interest and costs.

<u>**COUNT IV**</u>
<u>**SURVIVAL ACTION**</u>
<u>**42 Pa.C.S.A. § 8302**</u>
<u>**LINDSAY THOMPKINS, SR., AS ADMINISTRATOR OF THE ESTATE OF**</u>
<u>**LINDSAY THOMPKINS, JR. V. NET FREIGHT SYSTEMS, INC.**</u>

86.    The preceding paragraphs are incorporated herein by reference as though fully set forth.

87.    Plaintiff, Lindsay Thompkins, Sr., Administrator of the Estate of Lindsay Thompkins, Jr., deceased, brings this action on behalf of the Estate of Lindsay Thompkins, Jr., under and by virtue of the Survival Act, 42 Pa. C.S.A. § 8302 and the applicable Rules of Civil Procedure and decisional law interpreting this Act.

88.    As a result of the negligent acts and omissions of Defendant, as described more fully herein, Plaintiff's Decedent, Lindsay Thompkins, Jr., suffered catastrophic, permanent, and fatal injuries and death resulting in the entitlement to damages by the Estates of Lindsay Thompkins, Jr. under the Survival Act.

89.    Plaintiff, Lindsay Thompkins, Sr., Administrator of the Estate of Lindsay Thompkins, Jr., deceased, claims the full measure of damages recoverable under and by virtue of the Survival Act and the decisional law interpreting the Act.

90.    On behalf of the Estate of Lindsay Thompkins, Jr., Plaintiff claims damages for all economic losses to the Estate as specifically recognized under the Survival Act and its Pennsylvania case law progeny, including the decedents' total estimated future earning capacity, less personal maintenance costs.

91.    On behalf of the Decedent's estate, Plaintiff claims damages for the Decedent's physical discomfort, pain and suffering, loss of enjoyment of life and life's pleasures, and all

other damages and losses recoverable specifically under the Survival Act and its Pennsylvania case law progeny interpreting the Act.

WHEREFORE, Plaintiff, Lindsay Thompkins, Sr., Administrator of the Estate of Lindsay Thompkins, Jr., deceased, seeks all damages allowed under the laws of the Commonwealth of Pennsylvania, including punitive damages, in an amount in excess of the prevailing arbitration limits, exclusive of prejudgment interest, post-judgement interest and costs.

<u>COUNT V</u>
<u>VICARIOUS LIABILITY</u>
<u>LINDSAY THOMPKINS, SR., AS ADMINISTRATOR OF THE ESTATE OF</u>
<u>LINDSAY THOMPKINS, JR. V. TAIGA BUILDING PRODUCTS, LTD, as being</u>
<u>vicariously liable for Karandeep Singh</u>

92.     The preceding paragraphs are incorporated herein by reference as though fully set forth.

93.     The negligence, carelessness, and/or recklessness of Defendant, as being vicariously liable for the actions of Mr. Singh consisted of, but are not limited to the following:

a.     Failing to maintain proper and adequate control of his Freightliner;

b.     Failing to keep his eyes on the road at all times;

c.     Failing to pay proper attention while operating his Freightliner on Interstate 79;

d.     Failing to take proper precautions in the operation of his Freightliner so as to avoid the collision that occurred;

e.     Operating his Freightliner in a negligent, careless, and reckless manner without due regard to the rights and safety of Plaintiff;

f.     Failing to exercise due care and caution under all of the existing circumstances;

g.     Failing to have his Freightliner under such control that it did not impede the flow of traffic;

h.     Failing to remain alert;

i.     Operating his Freightliner in a distracted manner;

j.      Traveling at a dangerously slow speed under the circumstances;

k.      Violating the applicable rules, regulations, and laws pertaining to the safe and proper operation of motor vehicles and/or tractor trailers;

l.      Failing to operate his Freightliner in accordance with the Federal Motor Carrier Safety Regulations;

m.      Failing to properly control his Freightliner in light of the circumstances then and there existing, including traffic patterns existing on the roadway;

n.      Failing to make necessary and reasonable observations while operating his Freightliner;

o.      Failing to inspect his Freightliner;

p.      Violating FMCSA Regulation 383 dealing with required knowledge and skills;

q.      Consciously choosing to drive at a dangerously slow and unsafe speed given the circumstances;

r.      Consciously refusing to travel at an appropriate speed in response to traffic patterns then and there existing on the roadway ahead;

s.      Consciously choosing to disregard traffic patterns then and there existing on the roadway;

t.      Failing to perform a proper pre-trip inspection;

u.      Violating both the written and unwritten policies, rules, guidelines and regulations of Defendants;

v.      Failing to apprise himself of and/or abide by the Federal Motor Carrier Safety Regulations;

w.      Failing to apprise himself of and/or abide by the regulations and laws pertaining to the operation of commercial vehicles;

x.      Failing to ensure the parts and accessories of the Freightliner were in good working order in violation of Section 392.7;

y.      Failing to properly control his Freightliner unit in light of the circumstances then and there existing on the roadway;

z.      Failing to make necessary and reasonable observations while operating the Freightliner;

aa.     Failing to take evasive action and/or failing to take appropriate and timely evasive action to avoid the crash with Plaintiff;

bb.     Violating Sections 383.110; 383.111; and 383.113 dealing with required knowledge and skill;

cc.     Violating Section 395.1 with respect to hours of service of drivers;

dd.     Making a conscious choice to drive in a fatigued condition knowing that driving in a fatigued condition impairs perception and judgment;

ee.     Failing to adhere to the amount of driving hours limit;

ff.     Causing the Crash due to being on the road more than the regulated number of hours;

gg.     Operating the Freightliner in an unsafe condition in violation of Section 396.7;

hh.     Failing to inspect the Freightliner before and during its operation in violation of Sections 396.9; 396.11; 396.13; 396.15; and 396.17;

ii.     Acting with a conscious disregard for the rights and safety of others, including the Plaintiff;

jj.     Failing to ensure the parts and accessories of the Freightliner were in good working order in violation of Section 392.7 when such parts, accessories, and equipment would have or should have resulted in an out of service work order; and

kk.     Failing to inspect the Freightliner before and during its operation in violation of Sections 396.9; 396.11; 396.13; 396.15; and 396.17 when such inspection would have or should have resulted in an out of service work order.

mm.     Operating a 2007 Freightliner with brake hose or tubing chafing/reinforcement ply visible, and ply is frayed on emergency hose in violation of Section 4107(b)(2) of the PA Vehicle Code, 67 Pa. Code 229.16, Ref. 49.CFR 393.45 (b)(2).

nn.     Operating a 2007 Freightliner with a Clamp or Roto type brake out of adjustment axle 1 right side measuring 2 ¾, axle 3 left side clamp brake inoperable in violation of Section 4107(b)(2) of the PA Vehicle Code, 67 Pa. Code 229.14, Ref. 49.CFR;

oo.  Operating a 2007 Freightliner with brakes out of service:  The number of defective brakes is equal to or greater than 20 percent of the service brakes on the vehicle in violation of Section 4107(b)(2) of the PA Vehicle Code, 67 Pa. Code 229.16, Ref. 49.CFR 396.3 A1 BOS;

pp.  Operating a 2007 Freightliner with audible air leak in relay valve on the left front side of frame area near steer axle in violation of Section 4107(b)(2) of the PA Vehicle Code, 67 Pa. Code 229.14, Ref. 49.CFR 396.3 A1; and

qq.  Operating a 2007 Freightliner with cab seats not securely mounted and four-legged table chair sitting where passenger seat would have been installed in violation of Section 4107(b)(2) of the PA Vehicle Code, 75 Pa. Code 37732.1 A.

rr.  Negligently operating a commercial vehicle in violation of 75 Pa.C.S.A. Section 3361 and the common law;

ss.  Recklessly operating a commercial vehicle in violation of 75 Pa.C.S.A. Section 3361 and the common law;

tt.  Carelessly operating a commercial vehicle in disregard for the safety of other persons in violation of 75 Pa.C.S.A. Section 3714 and the common law;

uu.  Recklessly operating a commercial vehicle in disregard for the safety of other persons in violation of 75 Pa. C.S.A. Section 3736 and the common law; and

vv.  Negligently failing to increase speed of the Net Freight Tractor Trailer in response to the speed of the surrounding vehicles.

94.  As a result of the above-stated acts and omissions, Plaintiff suffered such harm as has been previously stated herein.

95.  Defendant is directly and vicariously liable for such acts and omissions set forth herein.

WHEREFORE, Plaintiff, Lindsay Thompkins, Sr., Administrator of the Estate of Lindsay Thompkins, Jr., deceased, seeks all damages allowed under the laws of the Commonwealth of Pennsylvania, including punitive damages, in an amount in excess of the prevailing arbitration limits, exclusive of prejudgment interest, post-judgement interest and costs.

**COUNT VI**
**VICARIOUS LIABILITY**
**LINDSAY THOMPKINS, SR., AS ADMINISTRATOR OF THE ESTATE OF**
**LINDSAY THOMPKINS, JR. V. NET FREIGHT SYSTEMS, INC.,**
**as being vicariously liable for Karandeep Singh**

96.     The preceding paragraphs are incorporated herein by reference as though fully set forth.

97.     The negligence, carelessness, and/or recklessness of Defendant, as being vicariously liable for the actions of Mr. Singh consisted of, but are not limited to the following:

a.     Failing to maintain proper and adequate control of his Freightliner;

b.     Failing to keep his eyes on the road at all times;

c.     Failing to pay proper attention while operating his Freightliner on Interstate 79;

d.     Failing to take proper precautions in the operation of his Freightliner so as to avoid the collision that occurred;

e.     Operating his Freightliner in a negligent, careless, and reckless manner without due regard to the rights and safety of Plaintiff;

f.     Failing to exercise due care and caution under all of the existing circumstances;

g.     Failing to have his Freightliner under such control that it did not impede the flow of traffic;

h.     Failing to remain alert;

iii.     Operating his Freightliner in a distracted manner;

j.     Traveling at a dangerously slow speed under the circumstances;

k.     Violating the applicable rules, regulations, and laws pertaining to the safe and proper operation of motor vehicles and/or tractor trailers;

l.     Failing to operate his Freightliner in accordance with the Federal Motor Carrier Safety Regulations;

m.     Failing to properly control his Freightliner in light of the circumstances then and there existing, including traffic patterns existing on the roadway;

n.      Failing to make necessary and reasonable observations while operating his Freightliner;

o.      Failing to inspect his Freightliner;

p.      Violating FMCSA Regulation 383 dealing with required knowledge and skills;

q.      Consciously choosing to drive at a dangerously slow and unsafe speed given the circumstances;

r.      Consciously refusing to travel at an appropriate speed in response to traffic patterns then and there existing on the roadway ahead;

s.      Consciously choosing to disregard traffic patterns then and there existing on the roadway;

t.      Failing to perform a proper pre-trip inspection;

u.      Violating both the written and unwritten policies, rules, guidelines and regulations of Defendants;

v.      Failing to apprise himself of and/or abide by the Federal Motor Carrier Safety Regulations;

w.      Failing to apprise himself of and/or abide by the regulations and laws pertaining to the operation of commercial vehicles;

x.      Failing to ensure the parts and accessories of the Freightliner were in good working order in violation of Section 392.7;

y.      Failing to properly control his Freightliner unit in light of the circumstances then and there existing on the roadway;

z.      Failing to make necessary and reasonable observations while operating the Freightliner;

aa.     Failing to take evasive action and/or failing to take appropriate and timely evasive action to avoid the crash with Plaintiff;

bb.     Violating Sections 383.110; 383.111; and 383.113 dealing with required knowledge and skill;

cc.     Violating Section 395.1 with respect to hours of service of drivers;

dd.    Making a conscious choice to drive in a fatigued condition knowing that driving in a fatigued condition impairs perception and judgment;

ee.    Failing to adhere to the amount of driving hours limit;

ff.    Causing the Crash due to being on the road more than the regulated number of hours;

gg.    Operating the Freightliner in an unsafe condition in violation of Section 396.7;

hh.    Failing to inspect the Freightliner before and during its operation in violation of Sections 396.9; 396.11; 396.13; 396.15; and 396.17;

iv.    Acting with a conscious disregard for the rights and safety of others, including the Plaintiff;

jj.    Failing to ensure the parts and accessories of the Freightliner were in good working order in violation of Section 392.7 when such parts, accessories, and equipment would have or should have resulted in an out of service work order; and

kk.    Failing to inspect the Freightliner before and during its operation in violation of Sections 396.9; 396.11; 396.13; 396.15; and 396.17 when such inspection would have or should have resulted in an out of service work order.

mm.    Operating a 2007 Freightliner with brake hose or tubing chafing/reinforcement ply visible, and ply is frayed on emergency hose in violation of Section 4107(b)(2) of the PA Vehicle Code, 67 Pa. Code 229.16, Ref. 49.CFR 393.45 (b)(2).

nn.    Operating a 2007 Freightliner with a Clamp or Roto type brake out of adjustment axle 1 right side measuring 2 ¾, axle 3 left side clamp brake inoperable in violation of Section 4107(b)(2) of the PA Vehicle Code, 67 Pa. Code 229.14, Ref. 49.CFR;

oo.    Operating a 2007 Freightliner with brakes out of service:  The number of defective brakes is equal to or greater than 20 percent of the service brakes on the vehicle in violation of Section 4107(b)(2) of the PA Vehicle Code, 67 Pa. Code 229.16, Ref. 49.CFR 396.3 A1 BOS;

pp.    Operating a 2007 Freightliner with audible air leak in relay valve on the left front side of frame area near steer axle in violation of Section 4107(b)(2) of the PA Vehicle Code, 67 Pa. Code 229.14, Ref. 49.CFR 396.3 A1; and

qq.  Operating a 2007 Freightliner with cab seats not securely mounted and four-legged table chair sitting where passenger seat would have been installed in violation of Section 4107(b)(2) of the PA Vehicle Code, 75 Pa. Code 37732.1 A.

rr.  Negligently operating a commercial vehicle in violation of 75 Pa.C.S.A. Section 3361 and the common law;

ss.  Recklessly operating a commercial vehicle in violation of 75 Pa.C.S.A. Section 3361 and the common law;

tt.  Carelessly operating a commercial vehicle in disregard for the safety of other persons in violation of 75 Pa.C.S.A. Section 3714 and the common law;

uu.  Recklessly operating a commercial vehicle in disregard for the safety of other persons in violation of 75 Pa. C.S.A. Section 3736 and the common law; and

vv.  Negligently failing to increase speed of the Net Freight Tractor Trailer in response to the speed of the surrounding vehicles.

98.  As a result of the above-stated acts and omissions, Plaintiff suffered such harm as has been previously stated herein.

99.  Defendant is directly and vicariously liable for such acts and omissions set forth herein.

WHEREFORE, Plaintiff, Lindsay Thompkins, Sr., Administrator of the Estate of Lindsay Thompkins, Jr., deceased, seeks all damages allowed under the laws of the Commonwealth of Pennsylvania, including punitive damages, in an amount in excess of the prevailing arbitration limits, exclusive of prejudgment interest, post-judgement interest and costs.

## COUNT VII
## NEGLIGENT and/or RECKLESS HIRING / SUPERVISION / RETENTION OF KARANDEEP SINGH
## LINDSAY THOMPKINS, SR., AS ADMINISTRATOR OF THE ESTATE OF LINDSAY THOMPKINS, JR. V. TAIGA BUILDING PRODUCTS, LTD

100.  The preceding paragraphs are incorporated herein by reference as though fully set forth.

101.    The Defendants had an obligation and duty to hire, retain and supervise drivers who operate its vehicles in a safe manner.

102.    "An employer is subject to liability for physical harm to third persons caused by his failure to exercise reasonable care to employ a competent and careful contractor (a) to do work which involves a risk of physical harm unless it is skillfully and carefully done, or (b) to perform any duty which the employer owes to third persons."  *See* Rest. (Second) Torts § 411.

103.    Defendants had an obligation to exercise reasonable care in selecting a competent and careful driver to move and transport the load.

104.    Plaintiff's Decedent was tragically killed as a result of the unsafe driving of Mr. Singh.

105.    At all relevant times, Defendants were directly liable for the negligent and reckless hiring, supervision, and retention of driver

106.    The negligence, carelessness, and/or recklessness of Defendants, in the hiring, supervision and retention of Mr. Singh, consisted of the following:

a.    Failing to properly train, monitor, and/or supervise its employees, drivers and/or agents including Mr. Singh;

b.    Failing to train and/or properly train Mr. Singh prior to allowing him to operate its Freightliner;

c.    Hiring and/or continuing to employ Mr. Singh despite the fact that it knew or should have known that his violation of the FMCSA hours of service made him unfit to safely operate a commercial vehicle;

d.    Hiring and/or continuing to employ Mr. Singh despite the fact that he had a propensity for driving violations;

e.    Hiring and/or continuing to employ Mr. Singh despite the fact that he had a propensity for violating the "Rules of the Road" and FMCSR;

f.    Failing to do preventable analysis as recommended by the FMSCR;

g.    Failing to have appropriate disciplinary policy within the companies;

h.    Hiring and/or continuing to employ Mr. Singh despite the fact that it knew or should have known that his propensity to break the vehicular rules could and/or would put the driving public at risk;

i.    Permitting Mr. Singh to operate its Freightliner when it knew or should have known that he was not properly qualified and/or trained;

j.    Allowing Mr. Singh to operate tractor trailers in its possession when it knew or should have known that such operation posed a risk of danger to others lawfully on the roadway;

k.    Failing to adopt appropriate employee manuals and/or training procedures;

l.    Failing to enforce both written and unwritten policies of Defendants;

m.    Failing to ensure that its employees, drivers, and/or agents were aware of and complied with the written and unwritten policies of Defendants;

n.    Failing to implement and/or enforce an effective safety system;

o.    Failing to ensure that its management personnel and drivers were aware of the requirements and dictates of the FMCSA regulations;

p.    Failing to ensure that its employees, drivers, and/or agents complied with the provisions of the FMCSA regulations;

q.    Failing to ensure that its employees, drivers, and/or agents were aware of and complied with rules, laws and regulations pertaining to and governing the operation of commercial vehicles;

r.    Violating the applicable rules, laws, and regulations pertaining to and governing the operation of commercial vehicles;

s.    Failing to monitor and/or regulate the actions of its drivers;

t.    Failing to monitor and/or regulate the hours of its drivers;

u.    Failing to have an auditing system in place to audit its drivers' logs, or if a system is in place, failing to use it appropriately;

v.    Failing to use a 3rd party vendor to audit their drivers' logs, or if they did use a 3rd party vendor, failing to use it appropriately;

w.  Failing to have policy and mechanisms in place to address cumulative fatigue in its drivers;

x.  Placing more emphasis on profits than on safety of its drivers and the motoring public;

y.  Knowingly violating federal and state law regarding the responsibilities of motor carriers and the operation of commercial vehicles;

z.  Failing to act upon and remedy violations of FMCSA regulation 383;

aa.  Failing to act upon and remedy violations of FMCSA regulation 395;

bb.  Failing to act upon and remedy violations of FMCSA regulation 396.7;

cc.  Failing to act upon and remedy violations of FMCSA regulation 396.9;

dd.  Failing to act upon and remedy violations of FMCSA regulation 396.11;

ee.  Failing to act upon and remedy violations of FMCSA regulation 396.13;

ff.  Failing to act upon and remedy violations of FMCSA regulation 396.15;

gg.  Failing to act upon and remedy violations of FMCSA regulation 396.17;

hh.  Failing to act upon and remedy known violations of industry standards;

ii.  Acting in a conscious disregard for the rights and safety of Lindsay Thompkins, Jr.;

jj.  Failing to have appropriate policies and procedures with regard to hiring of drivers;

kk.  Failing to follow the written and/or unwritten policies and procedures with regard to hiring of its drivers;

ll.  Failing to have appropriate policies and procedures with regard to monitoring of its drivers;

mm.  Failing to follow the written and/or unwritten policies and procedures with regard to monitoring its drivers;

nn.  Consciously disregarding federal and state law regarding responsibilities of motor carriers and the operation of commercial vehicles;

oo.  Violating all applicable provisions of the FMCSA;

pp.   Failing to suspend, discipline, or provide remedial training to Mr. Singh prior to the Crash despite his history of unsafe driving practices; and

qq.   Habitually and recklessly disregarding state and federal laws, regulations, and industry standards governing the safe hiring, training and retention of tractor trailer drivers, the safe operation of a motor carrier transporting goods in interstate commerce, and the safe operation of commercial motor vehicles that created a zone and culture of danger that constituted a dangerous mode of operation, which was reasonably anticipated to cause injury and death to the motoring public and created a danger to all motorists exposed to its unsafe commercial motor vehicle drivers like Mr. Singh;

rr.   Failing to act upon and remedy violations of Section 4107(b)(2) of the PA Vehicle Code, 67 Pa. Code 229.16, Ref. 49.CFR 393.45 (b)( 2) by operating a 2007 Freightliner with brake hose or tubing chafing/reinforcement ply visible, and ply is frayed on emergency hose;

ss.   Failing to act upon and remedy violations of Section 4107(b)(2) of the PA Vehicle Code, 67 Pa. Code 229.14, Ref. 49.CFR by operating a 2007 Freightliner with a Clamp or Roto type brake out of adjustment axle 1 right side measuring 2 ¾, axle 3 left side clamp brake inoperable;

tt.   Failing to act upon and remedy violations of Section 4107(b)(2) of the PA Vehicle Code, 67 Pa. Code 229.16, Ref. 49.CFR 396.3 A1 BOS by operating a 2007 Freightliner with brakes out of service:  The number of defective brakes is equal to or greater than 20 percent of the service brakes on the vehicle;

uu.   Failing to act upon and remedy violations of Section 4107(b)(2) of the PA Vehicle Code, 67 Pa. Code 229.14, Ref. 49.CFR 396.3 A1 by operating a 2007 Freightliner with audible air leak in relay valve on the left front side of frame area near steer axle; and

vv.   Failing to act upon and remedy violations of Section 4107(b)(2) of the PA Vehicle Code, 75 Pa. Code 37732.1 A by operating a 2007 Freightliner with cab seats not securely mounted and four-legged table chair sitting where passenger seat would have been installed.

ww.   Failing to perform background checks and review the driving history of hired and/or retained drivers at regular intervals to ensure that they remained qualified and competent to operate commercial vehicles;

xx.   Failing to perform sufficient background checks before hiring and/or retaining drivers such as Mr. Singh.

107.    As a result of the above-stated acts and omissions, Plaintiff has suffered such harm as has been previously stated herein.

WHEREFORE, Plaintiff, Lindsay Thompkins, Sr., as Administrator of the Estate of Lindsay Thompkins, Jr., seeks all damages allowed under the laws of the Commonwealth of Pennsylvania, including punitive damages, in an amount in excess of the prevailing arbitration limits, exclusive of prejudgment interest, post-judgement interest and costs.

<u>**COUNT VIII**</u>
<u>**NEGLIGENT and/or RECKLESS HIRING / SUPERVISION / RETENTION**</u>
<u>**OF KARANDEEP SINGH**</u>
<u>**LINDSAY THOMPKINS, SR., AS ADMINISTRATOR OF THE ESTATE OF**</u>
<u>**LINDSAY THOMPKINS, JR. V. NET FREIGHT SYSTEMS, INC.**</u>

108.    The preceding paragraphs are incorporated herein by reference as though fully set forth.

109.    The Defendants had an obligation and duty to hire, retain and supervise drivers who operate its vehicles in a safe manner.

110.    "An employer is subject to liability for physical harm to third persons caused by his failure to exercise reasonable care to employ a competent and careful contractor (a) to do work which involves a risk of physical harm unless it is skillfully and carefully done, or (b) to perform any duty which the employer owes to third persons."  *See* Rest. (Second) Torts § 411.

111.    Defendants had an obligation to exercise reasonable care in selecting a competent and careful driver to move and transport the load.

112.    Plaintiff's Decedent was tragically killed as a result of the unsafe driving of Mr. Singh.

113.    At all relevant times, Defendants were directly liable for the negligent and reckless hiring, supervision, and retention of driver

114.    The negligence, carelessness, and/or recklessness of Defendants, in the hiring, supervision and retention of Mr. Singh, consisted of the following:

a.    Failing to properly train, monitor, and/or supervise its employees, drivers and/or agents including Mr. Singh;

b.    Failing to train and/or properly train Mr. Singh prior to allowing him to operate its Freightliner;

c.    Hiring and/or continuing to employ Mr. Singh despite the fact that it knew or should have known that his violation of the FMCSA hours of service made him unfit to safely operate a commercial vehicle;

d.    Hiring and/or continuing to employ Mr. Singh despite the fact that he had a propensity for driving violations;

e.    Hiring and/or continuing to employ Mr. Singh despite the fact that he had a propensity for violating the "Rules of the Road" and FMCSR;

f.    Failing to do preventable analysis as recommended by the FMSCR;

g.    Failing to have appropriate disciplinary policy within the companies;

h.    Hiring and/or continuing to employ Mr. Singh despite the fact that it knew or should have known that his propensity to break the vehicular rules could and/or would put the driving public at risk;

i.    Permitting Mr. Singh to operate its Freightliner when it knew or should have known that he was not properly qualified and/or trained;

j.    Allowing Mr. Singh to operate tractor trailers in its possession when it knew or should have known that such operation posed a risk of danger to others lawfully on the roadway;

k.    Failing to adopt appropriate employee manuals and/or training procedures;

l.    Failing to enforce both written and unwritten policies of Defendants;

m.    Failing to ensure that its employees, drivers, and/or agents were aware of and complied with the written and unwritten policies of Defendants;

n.    Failing to implement and/or enforce an effective safety system;

o.    Failing to ensure that its management personnel and drivers were aware of the requirements and dictates of the FMCSA regulations;

p.      Failing to ensure that its employees, drivers, and/or agents complied with the provisions of the FMCSA regulations;

q.      Failing to ensure that its employees, drivers, and/or agents were aware of and complied with rules, laws and regulations pertaining to and governing the operation of commercial vehicles;

r.      Violating the applicable rules, laws, and regulations pertaining to and governing the operation of commercial vehicles;

s.      Failing to monitor and/or regulate the actions of its drivers;

t.      Failing to monitor and/or regulate the hours of its drivers;

u.      Failing to have an auditing system in place to audit its drivers' logs, or if a system is in place, failing to use it appropriately;

v.      Failing to use a 3rd party vendor to audit their drivers' logs, or if they did use a 3rd party vendor, failing to use it appropriately;

w.      Failing to have policy and mechanisms in place to address cumulative fatigue in its drivers;

x.      Placing more emphasis on profits than on safety of its drivers and the motoring public;

y.      Knowingly violating federal and state law regarding the responsibilities of motor carriers and the operation of commercial vehicles;

z.      Failing to act upon and remedy violations of FMCSA regulation 383;

aa.     Failing to act upon and remedy violations of FMCSA regulation 395;

bb.     Failing to act upon and remedy violations of FMCSA regulation 396.7;

cc.     Failing to act upon and remedy violations of FMCSA regulation 396.9;

dd.     Failing to act upon and remedy violations of FMCSA regulation 396.11;

ee.     Failing to act upon and remedy violations of FMCSA regulation 396.13;

ff.     Failing to act upon and remedy violations of FMCSA regulation 396.15;

gg.     Failing to act upon and remedy violations of FMCSA regulation 396.17;

hh.     Failing to act upon and remedy known violations of industry standards;

ii.     Acting in a conscious disregard for the rights and safety of Lindsay Thompkins, Jr.;

jj.     Failing to have appropriate policies and procedures with regard to hiring of drivers;

kk.     Failing to follow the written and/or unwritten policies and procedures with regard to hiring of its drivers;

ll.     Failing to have appropriate policies and procedures with regard to monitoring of its drivers;

mm.     Failing to follow the written and/or unwritten policies and procedures with regard to monitoring its drivers;

nn.     Consciously disregarding federal and state law regarding responsibilities of motor carriers and the operation of commercial vehicles;

oo.     Violating all applicable provisions of the FMCSA;

pp.     Failing to suspend, discipline, or provide remedial training to Mr. Singh prior to the Crash despite his history of unsafe driving practices; and

qq.     Habitually and recklessly disregarding state and federal laws, regulations, and industry standards governing the safe hiring, training and retention of tractor trailer drivers, the safe operation of a motor carrier transporting goods in interstate commerce, and the safe operation of commercial motor vehicles that created a zone and culture of danger that constituted a dangerous mode of operation, which was reasonably anticipated to cause injury and death to the motoring public and created a danger to all motorists exposed to its unsafe commercial motor vehicle drivers like Mr. Singh;

rr.     Failing to act upon and remedy violations of Section 4107(b)(2) of the PA Vehicle Code, 67 Pa. Code 229.16, Ref. 49.CFR 393.45 (b)( 2) by operating a 2007 Freightliner with brake hose or tubing chafing/reinforcement ply visible, and ply is frayed on emergency hose;

ss.     Failing to act upon and remedy violations of Section 4107(b)(2) of the PA Vehicle Code, 67 Pa. Code 229.14, Ref. 49.CFR by operating a 2007 Freightliner with a Clamp or Roto type brake out of adjustment axle 1 right side measuring 2 ¾, axle 3 left side clamp brake inoperable;

tt.     Failing to act upon and remedy violations of Section 4107(b)(2) of the PA Vehicle Code, 67 Pa. Code 229.16, Ref. 49.CFR 396.3 A1 BOS by operating a

2007 Freightliner with brakes out of service:  The number of defective brakes is equal to or greater than 20 percent of the service brakes on the vehicle;

uu.    Failing to act upon and remedy violations of Section 4107(b)(2) of the PA Vehicle Code, 67 Pa. Code 229.14, Ref. 49.CFR 396.3 A1 by operating a 2007 Freightliner with audible air leak in relay valve on the left front side of frame area near steer axle; and

vv.    Failing to act upon and remedy violations of Section 4107(b)(2) of the PA Vehicle Code, 75 Pa. Code 37732.1 A by operating a 2007 Freightliner with cab seats not securely mounted and four-legged table chair sitting where passenger seat would have been installed.

ww.    Failing to perform background checks and review the driving history of hired and/or retained drivers at regular intervals to ensure that they remained qualified and competent to operate commercial vehicles;

xx.    Failing to perform sufficient background checks before hiring and/or retaining drivers such as Mr. Singh.

115.    As a result of the above-stated acts and omissions, Plaintiff has suffered such harm as has been previously stated herein.

WHEREFORE, Plaintiff, Lindsay Thompkins, Sr., as Administrator of the Estate of Lindsay Thompkins, Jr., seeks all damages allowed under the laws of the Commonwealth of Pennsylvania, including punitive damages, in an amount in excess of the prevailing arbitration limits, exclusive of prejudgment interest, post-judgement interest and costs.

**COUNT IX**
**NEGLIGENT SELECTION**
**LINDSAY THOMPKINS, SR., AS ADMINISTRATOR OF THE ESTATE OF LINDSAY THOMPKINS, JR. V. TAIGA BUILDING PRODUCTS, LTD FOR NEGLIGENT SELECTION OF  NET FREIGHT SYSTEMS, INC.**

116.    The preceding paragraphs are incorporated herein by reference as though fully set forth.

117.    Defendant TAIGA was negligent in selecting Defendant Net Freight to transport its freight when it knew or should have known that Defendant Net Freight has a propensity for engaging in unsafe practices and hiring dangerous and poorly trained drivers such as Mr. Singh.

118 .    Defendant TAIGA knew or should have known that Defendant Net Freight had an unsafe history in performing services as a motor carrier including, but not limited to:

a.    Failing to properly ensure that its tractor trailers were in adequate working condition, specifically free from:

    i.    Violations of Section 393.45B2PC namely operating a vehicle with Brake Hose or Tubing Chafing and/or Kinking – Connection to Power Unit – July 2021;

    ii.    Violations of Section 393.9H namely operating a vehicle with Inoperable Head Lights – March 2021;

    iii.    Violations of Section 393.11TL and 393.95A, namely operating a Tractor Trailer with lower rear mud flaps retroreflective sheeting/reflex reflective material requirements for vehicles manufactured after July 1997; no/discharged/unsecured fire extinguisher – September 2021;

    iv.    Violation of Section 393.75A3 namely operating a vehicle with flat tire and audible air leak requiring no service order – May 2021;

    v.    Violation of 393.75A4 namely operating a vehicle with tire-cut exposing ply and/or belt material – July 2021;

    vi.    Violation of Section 393.23 namely operating a vehicle required lamp not powered by vehicle electric – August 2021

    vii.    Violation of Section 393.75C namely operating a vehicle with Tire tread depth less than 2/32 of inch measured in a major tread groove – October 2021;

    viii.    Violation of 392.2SLLS2 namely operating a vehicle state/local law – Speeding 5-10 miles per hour over the speed limit – February 2021;

    ix.    Violation of Sections 391.11B2, 395.15A2, 395.15B, and 395.8A-ELD namely operating a vehicle driver cannot read or speak English language sufficiently to respond to official inquires; Driver failed to use automatic on-board recording device when required by the motor carrier; Onboard recording device information requirements not met; and ELD – No record of duty status (ELD required) – June 2021;

    x.    Violations of Sections 392.2-SLLEWA1 and 395.8, namely operating a vehicle State/Local Laws – Excessive weight – 1-2500 lbs. over on an axle/axle groups; Record of Duty Status violation (general/form and manner) – July 2021;

    xi.    Violation of Sections 392.82A1 and 395.8A-ELD, namely operating a vehicle using hand-held mobile telephone while operating a CMV; ELD –

No record of duty status (ELD Required) rendering a an out of service order – July 2021;

xii.    Violation of Section 392.2SLLEWA3 and 392.2-SLLSWZ, namely operating a vehicle State/Local Laws Excessive weight – More than 5000 lbs over an axle/axle groups -

xiii.    and State/Local Laws – Speeding work/construction zone – August 2021;

xiv.    Violation of Section 392.2SLLS2, 395.15B2, and 395.1515, namely operating a vehicle State /Local Laws – Speeding 6-10 miles per hours over the speed limit; Automatic on-board recording device failed to provide means to immediately check driver's hours of service as required; and Onboard recording device does not display required information – September -2021;

xv.    Violation of Section 395.8A, namely operating a vehicle No drivers of record duty status when one I quired rendering a no Service order – October 2021;

xvi.    Violation of Section 395.8A-ELD, namely operating a vehicle ELD – No record of duty status (ELD Required) – October 2021;

xvii.    Violation of Section 392.82A1, namely using a hand-held mobile telephone while operating a CMV – July 2021;

xviii.    Violation of Section 392.2-SLLSWZ, namely operating a vehicle State/Local Laws – Speeding work/construction zone – August 2021;

xix.    Violation of Section 393.9, namely operating a vehicle Inoperable Required Lamp – September 2021.

b.    Failing to perform background checks and review the driving history of hired and/or retained drivers at regular intervals to ensure that they remained qualified and competent to operate commercial vehicles;

c.    Failing to perform sufficient background checks before hiring and/or retaining drivers such as Mr. Singh.

119.    At all relevant times, Defendant had a duty to ensure that it had appropriate hiring practices that put competent drivers behind the wheel.

120.    At all relevant times, Defendant had a duty to ensure that it had appropriate policies in place to ensure that its drivers did not violate FMCSA regulations.

121.    Defendants knew or in the exercise of reasonable care should have known that selecting Net Freight as carrier would likely cause harm to the motoring public such as the harm that was caused on November 2, 2021 to Lindsay Thompkins, Jr.

122.    Defendant had a duty to entrust the shipment of its freight to an attentive and skilled driver.

123.    Defendant failed to ensure that it hired and retained attentive skilled drivers.

124.    Defendant had a duty to entrust the shipment of their freight to drivers who operate their vehicles in a safe manner.

125.    By entrusting the shipment of their freight to Net Freight and Mr. Singh, Defendant acted in conscious disregard to the rights and safety of Lindsay Thompkins, Jr.

126.    As a result of the above-stated acts and omissions, Plaintiff's Decedent suffered catastrophic and fatal injuries as has been previously stated herein.

WHEREFORE, Plaintiff, Lindsay Thompkins, Sr., as Administrator of the Estate of Lindsay Thompkins, Jr., seeks all damages allowed under the laws of the Commonwealth of Pennsylvania, including punitive damages, in an amount in excess of the prevailing arbitration limits, exclusive of prejudgment interest, post-judgement interest, and costs.

### COUNT X
### JOINT VENTURE
### LINDSAY THOMPKINS, SR., AS ADMINISTRATOR OF THE ESTATE OF LINDSAY THOMPKINS, JR. V. TAIGA BUILDING PRODUCTS, LTD AND NET FREIGHT SYSTEMS, INC.

127.    The preceding paragraphs are incorporated herein by reference as though fully set forth.

128.    On the above referenced date, place and time, Defendants were engaged in a joint venture to haul goods for profit.

129.    Upon information and belief, Net Freight and its fleet of commercial motor vehicles was either subsumed by Defendant TAIGA to haul its goods through interstate commerce and/or provided substantial financial assistance/investment to Net Freight such that

Net Freight's fleet of commercial motor vehicles became the commercial motor vehicle fleet of Defendant TAIGA.

130.    Specifically, at all times material hereto, Defendants entered into a continuing business transaction in which they consolidated all entities and entered into one single entity operating as a joint venture providing full-service freight transportation, freight storage, and freight logistics brokering, operating and utilizing a fleet of semi-trucks, trailers, warehouses, and facilities.  The Defendants combined their resources, officers, personnel and/or efforts and agreed to undertake a common interest in the delivery of services in the commercial trucking industry providing freight transportation of goods and broker logistics in interstate commerce.

131.    Defendant TAIGA made a contribution of capital, materials, services or knowledge with respect to the load being transported at the time of the crash.

132.    Defendants shared in all profits that were generated as a result of the aforesaid joint venture.

133.    Upon and information and belief, Mr. Singh was paid by all Defendants for this transportation, including allowances for fuel costs.

134.    Upon information and belief, Defendants are in contact through numerous means of communication, including, but not limited to, email, faxes, telephone, and mobile application to track status of shipment from origin to delivery.

135.    As a result of the transportation, Defendants earned, or intended to earn, a profit.

136.    On the above referenced date, place and time, Defendants controlled the Freightliner through its duly authorized agent, servant, and/or employee, Mr. Singh.

137.    On the above referenced date, place and time, Mr. Singh was performing a service for the benefit of Defendants, namely the transportation of goods and material for profit.

138.   Defendants were aware that Mr. Singh was transporting the goods and materials.

139.   Defendants had the right to control Mr. Singh in performing this service.

140.   Defendants exercised this control over Mr. Singh, inter alia, in the manner described fully herein.

141.   Defendants held out Mr. Singh as an agent, servant, and/or employee such that a reasonable person would conclude that Mr. Singh was an agent, servant, and/or employee of Defendants and it is vicariously liable for the acts and/or omissions of Mr. Singh.

142.   As a direct and proximate cause of the above stated acts and omissions, Plaintiff's Decedent suffered, inter alia, the serious, severe, permanent, and fatal injuries as has been previously stated herein.

WHEREFORE, Plaintiff, Lindsay Thompkins, Sr., as Administrator of the Estate of Lindsay Thompkins, Jr., seeks all damages allowed under the laws of the Commonwealth of Pennsylvania, including punitive damages, in an amount in excess of the prevailing arbitration limits, exclusive of prejudgment interest, post-judgement interest, and costs.

Respectfully submitted:

FELLERMAN & CIARIMBOLI LAW, P.C.

BY: _____
Edward J. Ciarimboli, Esq.
Harry P. McGrath, Jr., Esq.
Fellerman & Ciarimboli Law, P.C.
183 Market Street, Suite 200
Kingston, PA 18704
570-718-1444
*Counsel for Plaintiff*

Date: 2/24/2023