IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LINDSAY THOMPKINS, SR. as Administrator of the ESTATE of LINDSAY THOMPKINS, JR., <br><br> Plaintiff, <br><br> v. <br><br> TAIGA BUILDING PRODUCTS, LTD, et al., <br><br> Defendants. | 2:23-cv-333 |

## MEMORANDUM ORDER

Lindsay Thompkins, Jr. was driving on I-79 in Pennsylvania when he collided with a tractor-trailer that was moving dangerously below the speed limit, resulting in his death. His father, Plaintiff Lindsay Thompkins, Sr., individually and as the administrator of his son's estate, brings tort claims against six Defendants implicated in that automobile accident. The complaint alleges that each of Defendants Taiga Building Products, Ltd., Roseburg Forest Products Company, K&T Transport, Ltd., Defendant Net Freight Systems, Inc., and Maya Leasing Corp., contracted or subcontracted for the haul or owned, operated, maintained, or controlled the tractor-trailer that killed Mr. Thompkins. ECF 13.

But one Defendant, LG Electrical & Engine Specialists, Ltd., an Ontario, Canada-based company with its principal place of business in Ontario, wasn't involved in the actual shipment. *Id.* Instead, Mr. Thompkins alleges that LG negligently repaired the at-issue tractor-trailer at its garage in Canada shortly before the accident, thereby causing Mr. Thompkins's son's death. *Id.* at 3. LG moves to dismiss the claims against it on grounds that this Court lacks personal jurisdiction over it. ECF 27. For the reasons below, the Court agrees and so grants the motion.

Mr. Thompkins bears the burden of establishing the Court's personal jurisdiction over LG. *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316 (3d Cir. 2007). At the pleading stage, the plaintiff must make a prima facie case for jurisdiction "by establishing with reasonable particularity sufficient contacts between the defendant and the forum state." *Sullick v. United Pet Grp., Inc.*, No. 14-2950, 2015 WL 3643988, at *2, *2 n.6 (E.D. Pa. June 12, 2015) (cleaned up). Though the Court must take all the factual allegations in the complaint as true, Mr. Thompkins cannot "rest solely on the pleadings" to meet his burden, and instead "must present sworn affidavits or other evidence that demonstrates a prima facie case for the exercise of personal jurisdiction." *Id.* (cleaned up).

Mr. Thompkins's attempt to establish personal jurisdiction stumbles at the starting line. He hasn't put forth any affidavits or other relevant evidence showing LG's contacts with Pennsylvania. And there is no allegation in the complaint that points to even a single contact between LG and Pennsylvania. *See generally* ECF 13. These reasons alone are enough to grant LG's motion.[1]

Despite this deficiency, Mr. Thompkins insists that the complaint "as a whole" establishes this Court's jurisdiction over LG because LG "accept[ed] payment to perform maintenance on a vehicle it knew was going to conduct business" in Pennsylvania. ECF 32, pp. 5-6. Even if that averment were properly before the Court, that single "contact" cannot support the exercise of personal jurisdiction here.

---

[1] The one exhibit that Mr. Thompkins does offer—the police report of the accident, which charges the driver of the tractor-trailer with negligently operating the vehicle in part because the truck had various maintenance issues—doesn't help. ECF 32-1. The report connects LG's purportedly faulty maintenance on the tractor-trailer to the crash itself. But to make his prima facie case, Mr. Thompkins must establish that LG deliberately targeted the forum of Pennsylvania, which the report does not show. *O'Connor*, 496 F.3d at 317 ("[W]hat is necessary is a deliberate targeting of the forum.").

Federal district courts in Pennsylvania can exercise personal jurisdiction over non-resident defendants to the constitutional limits of the due-process clause of the Fourteenth Amendment. *Story v. Republic Bank*, 13 F. Supp. 3d 483, 487 (W.D. Pa. 2014) (Cohill, J.). Personal jurisdiction may be general or specific. *Id.* at 488. Mr. Thompkins doesn't try to argue that the Court has general jurisdiction over LG (and the Court otherwise sees no basis for general jurisdiction), so the Court will focus only on whether it has specific jurisdiction over LG. *Sullick*, 2015 WL 3643988, at *3.

The Third Circuit has articulated a three-part test to determine whether specific jurisdiction exists: (1) the defendant has purposefully directed its activities at the forum; (2) the litigation arises out of or relates to at least one of those activities; and (3) the exercise of jurisdiction otherwise satisfies fair play and substantial justice. *D'Jamoos ex rel. Est. of Weingeroff v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 102 (3d Cir. 2009). Mr. Thompkins's theory of jurisdiction doesn't satisfy this test.

As to the first prong, LG has not purposefully directed its business activities, or any other act for that matter, at Pennsylvania. "The critical finding that the defendant purposefully availed itself of the privilege of conducting activities within the forum requires contacts that amount to a deliberate reaching into the forum state to target its citizens." *Riad v. Porsche Cars N. Am., Inc.*, 657 F. Supp. 3d 695, 706 (E.D. Pa. 2023) (cleaned up). And Mr. Thompkins cannot point to any action by LG that can be characterized as a "deliberate reaching into Pennsylvania to target its citizens." *Id.* (cleaned up).

LG is a Canadian company with its principal place of business in Ontario. ECF 28, pp. 4-5. It does all of its business in Ontario and is not authorized, licensed, or registered to conduct business in Pennsylvania. *Id.* at 5, 9. It advertises only by word of mouth, and does not direct ads specifically at Pennsylvanians. *Id.* at 5. Its customer base comes from Ontario and Quebec, and it has no customers from Pennsylvania. *Id.* Additionally, LG buys parts exclusively from Canadian vendors,

- 3 -

and it does not sell any products that could find their way into Pennsylvania.[2] *Id.* Nothing about these activities suggests a deliberate reaching into Pennsylvania to target its citizens.

Moreover, Mr. Thompkins's argument that LG established contacts with the forum because it had knowledge that the tractor-trailer it repaired would pass through Pennsylvania misses the mark. Even if LG did have that knowledge, it's not an adequate contact to create specific jurisdiction.

Under the so-called "stream of commerce" theory, "something more" than mere knowledge or awareness that a good may or will find its way into a forum is needed for personal jurisdiction to exist.[3] *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 111 (1987); *Shuker v. Smith & Nephew, PLC*, 885 F.3d 760, 780 (3d Cir. 2018) ("A plurality of Supreme Court Justices has twice rejected the stream-of-commerce theory, stating, in a manner consistent with our own case law, that plaintiffs must instead rely on some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." (cleaned up)). And both Mr. Thompkins's complaint and brief in opposition lack any evidence or allegation that LG targeted Pennsylvania

---

[2] These facts, which Mr. Thompkins does not dispute, are supported by the affidavit and deposition of LG's President and Director, Malwinder Dhaliwal. ECF 27-2; ECF 27-3.

[3] In *Asahi*, a divided Supreme Court posited two different, though related, tests. Justice O'Connor articulated the first test for a plurality of four Justices and concluded that additional "action of the defendant purposefully directed toward the forum State" beyond "awareness that the stream of commerce may or will sweep the product into the forum" was required to establish personal jurisdiction. *Asahi*, 480 U.S. at 112. Justice Brennan, writing for a plurality of four Justices, rejected the need for additional action and would have found that minimum contacts exist if the defendant is "aware that the final product is being marketed in the forum" and its business into the forum is "regular and anticipated." *Id.* at 117. Thus, both tests require more than knowledge—there must be another act targeting the forum or regular business into the forum. Neither applies to LG.

beyond knowing that the tractor-trailer would eventually drive on Pennsylvania roads. *See* ECF 13, ¶¶ 17, 25, 26, 28, 30, 33, 42, 45, 46, 66, 69, 73, 74, 146-150.

Mr. Thompkins's two cases in support are unavailing and highlight the shortcomings of his own position. In both cases, the defendants deliberately targeted the forum by renting, buying, or advertising their products in the forum State, or physically entered the State to negotiate contracts or misappropriate property that were the subjects of the lawsuits. *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 335 (3d Cir. 2009); *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97-99 (3d Cir. 2004). These are exactly the kind of minimum contacts that Mr. Thompkins fails to establish as to LG.

For similar reasons, the Court concludes that Mr. Thompkins doesn't satisfy the second prong—that the litigation arises out of the defendant's activities. To meet this element, Mr. Thompkins must show that there is "an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State." *Riad*, 657 F. Supp. 3d at 707 (cleaned up). But that affiliation cannot exist if the defendant hasn't directed any activities at the forum in the first place. *Walden v. Fiore*, 571 U.S. 277, 284 (2014) (for specific jurisdiction to exist, relationship between defendant and forum "must arise out of contacts that the defendant himself creates with the forum State" (cleaned up)). And as explained, LG doesn't have any of those contacts with Pennsylvania.

Mr. Thompkins argues that this relationship exists because "Mr. Thompkins would not have been killed in Pennsylvania but for LG Electrical's negligent maintenance on the Net Freight tractor-trailer." ECF 32, p. 8. But specific jurisdiction requires "contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Walden*, 571 U.S. at 285. While true the accident that killed Mr. Thompkins's son occurred in Pennsylvania, specific jurisdiction can only exist if the "issue giving rise to this litigation" (*i.e.*, LG's

purported negligence) itself arose "out of any [LG] activity directed at Pennsylvania." *Riad*, 657 F. Supp. 3d at 707. And since LG didn't direct any activity at Pennsylvania, the connection between the litigation, the forum, and LG is necessarily lacking.

The sole purported contact between LG and Pennsylvania cannot establish the requisite minimum contacts to create personal jurisdiction. And Mr. Thompkins's suit does not arise out of that purported contact. Thus, the Court cannot exercise specific jurisdiction over LG.[4]

Lastly, the Court concludes that leave to amend the complaint and limited jurisdictional discovery are unnecessary. "For jurisdictional discovery to be warranted, the plaintiff must present factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts between the party and the forum state." *PrimePay, LLC v. Prime Tr., LLC*, 559 F. Supp. 3d 394, 401-02 (E.D. Pa. 2021) (cleaned up). To start, Mr. Thompkins hasn't requested leave to amend or sought limited discovery. But even if he had, both amendment and discovery would be futile to remedying the complaint's deficiencies. Mr. Thompkins's proffered basis for personal jurisdiction (*i.e.,* purported knowledge that the truck would enter the stream of commerce and end up in Pennsylvania) is insufficient as a

---

[4] The Court need not reach the third prong of the specific-jurisdiction test, as the Supreme Court has instructed that lower courts "may consider" whether the exercise of jurisdiction comports with fair play and substantial justice "[o]nce it has been decided that a defendant purposefully established minimum contacts within the forum State[.]" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985); *Allaham v. Naddaf*, 635 F. App'x 32, 39 (3d Cir. 2015) (same). In other words, only once the first two prongs are met does a court typically need to assess whether, in the exercise of its discretion, there is a problem with fair play that would require dismissal. Because the Court concludes that Mr. Thompkins fails to establish the required minimum contacts between LG, Pennsylvania, and his claim, the Court declines to consider the third factor of the analysis.

matter of law.  No additional discovery will alter that legal defect.  Thus, leave to amend and jurisdictional discovery are unwarranted here.[5]

        **\*  \*  \***

  For the above reasons, the Court hereby **GRANTS** LG's motion to dismiss (ECF 27).  Mr. Thompkins's amended complaint (ECF 13) is **DISMISSED WITHOUT PREJUDICE** as to LG, and the Court instructs the Clerk of this Court to terminate this action as to LG.

Date: February 16, 2024            BY THE COURT:

                     /s/ J. Nicholas Ranjan
                     United States District Judge

---

[5] LG notes that some limited jurisdictional discovery was conducted in a companion case in Pennsylvania state court, in which Mr. Thompkins participated.  ECF 28, p. 3; ECF 27-2, 27-3, 27-4, 27-5.  Mr. Thompkins doesn't address that discovery or explain why it would be insufficient for the parties to simply rely on that material here, as opposed to re-taking the same jurisdictional discovery.